**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:16-cv-02840-RM-SKC

MARK JANNY,

    Plaintiff,

v.

JOHN GAMEZ,
LORRAINE DIAZ DE LEON,
JIM CARMACK, and
TOM KONSTANTY,

    Defendants.

---

## ORDER
---

This matter is before the Court on the September 20, 2018, recommendation of Magistrate Judge S. Kato Crews (ECF No. 110) to grant Defendants' motions to dismiss several claims in this case.[1]  Plaintiff objected to the recommendation (ECF No. 132), Defendants Carmack and Konstanty ("Program Defendants") filed a response (ECF No. 133), and Plaintiff filed a reply (ECF No. 145).  Plaintiff is an atheist, and he asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights stemming from his placement in a Christianity-based program as a condition of his parole.  The Program Defendants were directors of the program.  In their motion to dismiss they argued that their conduct of running a Christianity-based program at a homeless shelter does not constitute state action.  Defendants Gamez and Diaz de Leon ("State

---

[1] The magistrate judge initially issued the recommendation as an order, but because Plaintiff had not consented to magistrate jurisdiction, the order was subsequently designated as a report and recommendation.  (ECF No. 116.)

Defendants") were Plaintiff's probation officer and supervisor, respectively. They moved to dismiss Plaintiff's claims under the Fourth and Fourteenth Amendments for failure to state a claim. In addition, Defendant Diaz de Leon moved to dismiss all the claims against her because Plaintiff failed to allege personal participation on her part. For the reasons given below, the Court sustains Plaintiff's objection, accepts in part and rejects in part the recommendation, denies the Program Defendants' motion to dismiss, and grants the State Defendants' motion to dismiss in part.

## I. LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotation omitted). The district judge need not, however, consider arguments not raised before the magistrate judge. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14. "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima facie case for each element." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quotation and alteration omitted).

Plaintiff proceeds pro se; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff did not object to the magistrate judge's statement of the factual and procedural background of this case, and the Court accepts and adopts it here. While on parole, Plaintiff was arrested for a parole violation. Although that complaint was ultimately dismissed, Defendant

3

Gamez directed Plaintiff to stay at the Denver Rescue Mission in Fort Collins, wear an electronic monitoring device, and abide by the house rules implemented by the Program Defendants. Those rules required participation in Bible studies, daily prayer, daily chapel, church, and religious counseling. Upon his arrival at the Rescue Mission, Plaintiff stated his objection to having to participate in these activities because he is an atheist. Defendant Carmack directed Plaintiff not to talk about those beliefs. Concerned that Plaintiff might not be a good fit for the Christianity-based program, Defendant Carmack called Defendant Gamez, who assured him that Plaintiff would abide by the rules.

Defendant Carmack and Plaintiff met with Defendant Gamez in his office the following day, and Defendant Gamez confirmed that Plaintiff was required to abide by the rules. At Defendant Carmack's request, Defendant Gamez changed Plaintiff's curfew, which Plaintiff alleges prevented him from getting a job. Days later, Plaintiff refused to attend church services and was kicked out of the program. Plaintiff reported to the parole office the following day, and his parole was revoked.

Plaintiff asserts four claims for relief. Claim One is based on the theory that being forced to choose between a religious program or jail violated his Fourth Amendment rights. Claims Two and Three are based on the theory that his placement in the program violated his First Amendment rights under both the Establishment and Free-Exercise Clauses. Claim Four is based on the theory that other participants in the program and the Denver Rescue Mission were permitted to do things he was not because he is an atheist, violating his right to equal protection under the Fourteenth Amendment.

The Program Defendants filed a motion to dismiss (ECF No. 97) and the State Defendants filed a motion to dismiss in part (ECF No. 99). The magistrate judge recommends granting both motions. (ECF No. 110.) With respect to the Program Defendants, the magistrate judge determined that Plaintiff's allegations did not establish that they were acting under color of state law. The magistrate judge applied the four tests used in the United States Court of Appeals for the Tenth Circuit—the nexus test, the symbiotic-relationship test, the joint-action test, and the public-functions test—and determined that the Program Defendants did not qualify as state actors under any of them. Plaintiff has objected to only the magistrate judge's application of the joint-action test.

No party objected to the magistrate judge's determinations that Plaintiff's conclusory allegations failed to state a claim with respect to Claims One and Four and that Plaintiff failed to allege sufficient personal participation by Defendant Diaz de Leon.

## III.  DISCUSSION

"Application of the state action doctrine has been characterized as one of the more slippery and troublesome areas of civil rights litigation." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotation omitted). Courts have taken a flexible approach to applying the doctrine, using a variety of tests that "apply with more or less force depending on the factual circumstances of each case." *Anaya v. Crossroad Managed Care Sys., Inc.*, 195 F.3d 584, 596 (10th Cir. 1999). Under the joint-action test, a court must determine whether "a private party is a willful participant in joint action with the State or its agents." *Gallagher*, 49 F.3d at 1453 (quotation omitted). The focus of the court's inquiry is "whether state officials and private parties have acted in concert in effecting a particular deprivation of

constitutional rights." *Id.* "[S]ome courts have adopted the requirements for establishing a conspiracy under Section 1983," including a requirement to show the "public and private actors share a common, unconstitutional goal." *Id.* at 1454 (quotation omitted). Thus, state action may be found if a state actor has participated in or influenced the challenged action. *Id.*

Here, the allegations state a plausible basis for concluding that Defendant Gamez and the Program Defendants acted in concert to deprive Plaintiff of his First Amendment rights. Upon arriving at the Rescue Mission and being orientated on the house rules, Plaintiff told the Program Defendants that he is an atheist, that he was not there by choice, and that he did not want them to force their religion on him or stop him from expressing his religious beliefs. (ECF No. 95 at ¶ 25.) This led to a phone conversation between Defendants Gamez and Carmack and later a meeting in Defendant Gamez's office between him, Defendant Carmack, and Plaintiff. During the meeting and at other points during Plaintiff's participation in the program, Plaintiff was repeatedly reminded that he faced returning to prison if he did not follow the house rules. (*Id.* at ¶¶ 27, 29, 31, 35.) The complaint further alleges that Defendant Gamez changed Plaintiff's curfew at Defendant Carmack's request. (*Id.* at ¶¶ 41, 42.)

Construing Plaintiff's allegations liberally, the Court concludes Plaintiff has plausibly alleged that the Program Defendants and Defendant Gamez acted in concert to cause the alleged deprivation of Plaintiff's First Amendment rights. Given the flexibility with which courts have approached this area of law and the posture of the case—a pro se plaintiff responding to motions to dismiss—the Court concludes the allegations are sufficient to establish a plausible claim that the Program Defendants acted under color of law. Therefore, Plaintiff's objection to the recommendation is sustained, and the Program Defendants' motion to dismiss is denied.

The Court further concludes the magistrate judge's analysis was thorough and sound with respect to the determinations Plaintiff did not object to, and the Court discerns no clear error on the face of the record. Accordingly, the recommendation is accepted in part, specifically with respect to Claims One and Four and Defendant Diaz De Leon.

## IV. CONCLUSION

The Court ORDERS that

(1) Plaintiff's objection (ECF No. 132) to the magistrate judge's recommendation is SUSTAINED;

(2) the magistrate judge's recommendation (ECF No. 110) is ACCEPTED IN PART and REJECTED IN PART as set forth in this order;

(3) Program Defendants' motion to dismiss (ECF No. 97) is DENIED as to Counts Two and Three; and

(4) State Defendants' motion to dismiss in part (ECF No. 99) is GRANTED.

DATED this 5th day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge