IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02840-RM-SKC

MARK JANNY,

    Plaintiff,

v.

JOHN GAMEZ, Community Parole Officer, Colorado Department of Corrections, in his individual capacity;
LORRAINE DIAZ DE LEON, Parole Supervisor, Colorado Department of Corrections, in her individual capacity;
JIM CARMACK, Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity;
TOM KONSTANTY, Co-Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity

    Defendants.

_____

## DEFENDANTS JIM CARMACK AND TOM KONSTANTY'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT AND JURY DEMAND

_____

COMES NOW the Defendants, Jim Carmack and Tom Konstanty (together, the "Rescue Mission Defendants"), by and through the undersigned, John P. Craver and Dmitry B. Vilner of White and Steele, P.C., and Answer Plaintiff Mark Janny's Fourth Amended Complaint ("Complaint"):

## ANSWER TO PARTIES

1.    The Rescue Mission Defendants deny the allegations in paragraph 1 of the Complaint. The Rescue Mission Defendants state that Plaintiff's last known address is Colorado State Penitentiary, P.O. Box 777, Cañon City, Colorado 81215.

2. The Rescue Mission Defendants are without knowledge as to the allegations contained in paragraph 2 of page 2 of the Complaint, and therefore deny them.

3. The Rescue Mission Defendants are without knowledge as to the allegations contained in paragraph 3 of page 2 of the Complaint, and therefore deny them.

4. In response to the allegations contained in paragraph 4 of pages 2-3 of the Complaint, the Rescue Mission Defendants admit that Jim Carmack is the former Director of the Denver Rescue Mission in Fort Collins (the "Rescue Mission"), and was the Director at the time of the acts alleged in the Complaint. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 4 of pages 2-3 of the Complaint.

5. In response to the allegations contained in paragraph 5 of page 3 of the Complaint, the Rescue Mission Defendants admit that Tom Konstanty is the current Director of the Denver Rescue Mission in Fort Collins, and that the address provided is the correct address for the Denver Rescue Mission in Fort Collins. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 5 of page 3 of the Complaint.

## ANSWER TO JURISDICTION AND VENUE

1. In response to paragraph 1 of page 4 of the Complaint, The Rescue Mission Defendants deny that they have committed any tortious conduct that is actionable under 42 U.S.C. § 1983. The Rescue Mission Defendants do not challenge the jurisdiction of this Court or the venue of this action.

## ANSWER TO "NATURE OF THE CASE"

In response to Plaintiff's "Nature of the Case" section, the Rescue Mission Defendants respond as follows. To the extent the allegations in this section concern other defendants, no

response is required, but to the extent any response is required, the Rescue Mission Defendants deny those allegations. The Rescue Mission Defendants are without knowledge regarding Plaintiff's allegations concerning the terms, conditions, or circumstances of Plaintiff's parole or parole revocation, and therefore deny them. The Rescue Mission Defendants admit that, during the timeframe alleged in the Complaint, the Denver Rescue Mission in Fort Collins operated a program called the "The New Life Program" (the "Program"), which is educational and religious (Christian) in nature.

The Rescue Mission Defendants deny any allegation that Plaintiff was forced to participate in the Program. The Rescue Mission Defendants deny that the "House Rules," which are separate from the Program, are religious in nature, or that Plaintiff was threatened with arrest or other discipline by the Rescue Mission Defendants for not following them. The Rescue Mission Defendants deny the remaining allegations contained in the "Nature of the Case."

## ANSWER TO "CAUSE OF ACTION"

### CLAIM ONE: FOURTH AMENDMENT FALSE IMPRISONMENT

Under this Court's March 5, 2019 Order re Motion to Dismiss [Doc. #151], Plaintiff's claim under the Fourth Amendment has been dismissed. Therefore, the Rescue Mission Defendants respond to allegations in this section only to the extent that Plaintiff has incorporated them by reference in his surviving claims.

1. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 1 of the Complaint, and therefore deny them.

2. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 2 of the Complaint, and therefore deny them.

3. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 3 of the Complaint, and therefore deny them.

4. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 4 of the Complaint, and therefore deny them.

5. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 5 of the Complaint, and therefore deny them.

6. Paragraph 6 of the Complaint contains one or more legal conclusions to which no response is necessary. To the extent a response is necessary, the Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 6, and therefore deny them.

7. In response to the allegations contained in paragraph 7 of the Complaint, the Rescue Mission Defendants admit that the "Program" at the Rescue Mission is Christian in nature. The Rescue Mission Defendants deny that the Rescue Mission's "House Rules," which are separate from the Program, are Christian or otherwise religious in nature. The Rescue Mission Defendants are without knowledge regarding the remaining allegations contained in paragraph 7 of the Complaint, and therefore deny them.

8. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 8 of the Complaint, and therefore deny them.

9. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 9 of the Complaint, and therefore deny them.

10. In response to the allegations contained in paragraph 10 of the Complaint, the Rescue Mission Defendants deny that the Rescue Mission's "House Rules" "promoted, enforced, and required Christian practices." The Rescue Mission Defendants further deny that the "House

Rules" apply only to those in the Program, or that they do not apply to individuals staying or sleeping at the Rescue Mission's overnight shelter. The Rescue Mission Defendants are without knowledge regarding the remaining allegations contained in paragraph 10, and therefore deny them.

11.  The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 11 of the Complaint, and therefore deny them.

12.  In response to the allegations contained in paragraph 12 of the Complaint, the Rescue Mission Defendants are without knowledge regarding Plaintiff's interactions with Defendant Gamez. Further answering, the Rescue Mission Defendants state that the House Rules and the separate rules of the Program speak for themselves, and deny any allegations inconsistent therewith. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 12.

13.  In response to the allegations contained in paragraph 13 of the Complaint, the Rescue Mission Defendants state that the House Rules and the separate rules of the Program speak for themselves, and deny any allegations inconsistent therewith. Defendants admit that the Program was based on the Christian faith. The Rescue Mission Defendants are without knowledge regarding allegations concerning Plaintiff's parole or general allegations concerning parolees, and therefore deny them. The Rescue Mission Defendants are without knowledge regarding allegations concerning Plaintiff's arrival time or setup of an electronic monitoring box, and therefore deny them. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 14 of the Complaint, and therefore deny them.

15. Paragraph 15 of the Complaint contains one or more legal conclusions, so no response is necessary. To the extent a response is necessary, the Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 15 of the Complaint, and therefore deny them.

16. In response to the allegations contained in paragraph 16 of the Complaint, the Rescue Mission Defendants incorporate their responses to paragraph 1 to 49 of the Complaint.

## CLAIM TWO: FIRST AMENDMENT ESTABLISHMENT CLAUSE

17. In response to the allegations contained in paragraph 17 of the Complaint, the Rescue Mission Defendants incorporate their responses to paragraph 1 to 49 of the Complaint.

18. In response to the allegations contained in paragraph 18 of the Complaint, the Rescue Mission Defendants admit that Plaintiff participated in the Program. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 19 of the Complaint, and therefore deny them.

20. In response to the allegations contained in paragraph 20 of the Complaint, the Rescue Mission Defendants admit that the Program is based on the Christian faith. The Rescue Mission Defendants state that the rules of the Program speak for themselves, and deny any allegations inconsistent therewith. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 21 of the Complaint, and therefore deny them.

**CLAIM THREE: FIRST AMENDMENT FREE EXERCISE CLAUSE**

22. In response to the allegations contained in paragraph 22 of the Complaint, the Rescue Mission Defendants incorporate their responses to paragraph 1 to 49 of the Complaint.

23. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 23 of the Complaint, and therefore deny them.

24. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 24 of the Complaint, and therefore deny them.

25. The Rescue Mission Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Rescue Mission Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Rescue Mission Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Rescue Mission Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Rescue Mission Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 30 of the Complaint, and therefore deny them.

31. In response to the allegations contained in paragraph 31 of the Complaint, the Rescue Mission Defendants admit only that Plaintiff attended one bible study, and deny the remaining allegations.

32. The Rescue Mission Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 33 of the Complaint, and therefore deny them.

34. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 34 of the Complaint, and therefore deny them.

35. Some of the allegations contained in Paragraph 35 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 36 of the Complaint, and therefore deny them.

37. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 37 of the Complaint, and therefore deny them.

**CLAIM FOUR: FOURTEENTH AMENDMENT EQUAL PROTECT OF LAW RELIGIOUS DISCRIMINATION**

Under this Court's March 5, 2019 Order re Motion to Dismiss [Doc. #151], Plaintiff's claim under the Fourteenth Amendment has been dismissed. Therefore, the Rescue Mission Defendants respond to allegations in this section only to the extent that Plaintiff has incorporated these factual allegations by reference in his surviving claims.

38. In response to the allegations contained in paragraph 38 of the Complaint, the Rescue Mission Defendants incorporate their responses to paragraph 1 to 49 of the Complaint.

39. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 39 of the Complaint, and therefore deny them.

40. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 40 of the Complaint, and therefore deny them.

41. Some of the allegations contained in Paragraph 41 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 41 of the Complaint.

42. Some of the allegations contained in Paragraph 42 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

43. Some of the allegations contained in Paragraph 43 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants are without knowledge regarding the remaining allegations in paragraph 43 of the Complaint, and therefore deny them.

44. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 44 of the Complaint, and therefore deny them.

45. Some of the allegations contained in Paragraph 45 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants are without knowledge regarding the remaining allegations in paragraph 45 of the Complaint, and therefore deny them.

46. Some of the allegations contained in Paragraph 46 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants are without knowledge regarding the remaining allegations in paragraph 46 of the Complaint, and therefore deny them.

47. The Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 47 of the Complaint, and therefore deny them.

48. Paragraph 48 of the Complaint contains one more legal conclusions to which no response is necessary. To the extent a response is necessary, the Rescue Mission Defendants are without knowledge regarding the allegations contained in paragraph 48 of the Complaint, and therefore deny them.

49. Some of the allegations contained in Paragraph 49 of the Complaint concern other defendants, and therefore no response is necessary. To the extent a response is necessary to these allegations, the Rescue Mission Defendants deny them. The Rescue Mission Defendants are without knowledge regarding the remaining allegations in paragraph 49 of the Complaint, and therefore deny them.

## ANSWER TO "PREVIOUS LAWSUITS"

In response to the "Previous Lawsuits" section, the Rescue Mission Defendants state that no response is necessary. To the extent a response is necessary, the Rescue Mission Defendants are without knowledge regarding the allegations in this section of the Complaint, and therefore deny them.

## ANSWER TO "ADMINISTRATIVE RELIEF"

In response to the "Administrative Relief" section, the Rescue Mission Defendants state that no response is necessary. To the extent a response is necessary, the Rescue Mission Defendants admit there is no "grievance procedure" at the Rescue Mission because the Rescue Mission is not a government entity or state actor. The Rescue Mission Defendants are without knowledge regarding the allegations in this section of the Complaint, and therefore deny them.

## ANSWER TO "REQUEST FOR RELIEF"

In response to the "Request for Relief" section, the Rescue Mission Defendants deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

The Rescue Mission Defendants deny any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's Complaint is barred because the Rescue Mission Defendants are private actors, and the Rescue Mission Defendants' conduct did not amount to state action within the meaning of 42 U.S.C. § 1983.

3.      Plaintiff's Complaint is barred by the applicable statute of limitations.

4. Plaintiff's claims are barred or limited by absolute, limited, or qualified immunity.

5. Plaintiff's claims do not achieve the level of any constitutional violations sufficient to state a claim under 42 U.S.C. § 1983.

6. Plaintiff was never deprived of any well-settled liberty or property interest and he was afforded all of the rights, privileges, and immunities guaranteed by the U.S. and Colorado Constitutions.

7. Actions taken by the Rescue Mission Defendants, if any, in relation to Plaintiff were taken in good faith and for legitimate reasons and did not violate any regulatory, statutory, common law, or other legal provision of any kind.

8. All or part of Plaintiff's claims are barred, limited, or controlled by Plaintiff's failure to pursue or succeed in pursuing a complaint through the process made available to him under the available policies or procedures of the Colorado Department of Corrections, as well as to satisfy other applicable jurisdictional and administrative prerequisites to suit, including applicable deadlines.

9. Upon information and belief, some or all of the Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

10. Plaintiff's claims are subject to the Prison Litigation Reform Act and may therefore be barred in whole or in part.

11. Some or all of Plaintiff's alleged injuries, if any, were caused by a third person or persons over whom the Rescue Mission Defendants had no control.

12. Some or all of Plaintiff's alleged injuries, if any, were caused by Plaintiff's own actions, and Plaintiff is therefore comparatively at-fault.

13. Some or all of Plaintiff's alleged injuries, if any, were caused by an intervening/superseding cause.

14. Some or all of Plaintiff's alleged injuries, if any, are barred or subject to reduction because of Plaintiff's assumption of risk.

15. The Rescue Mission Defendants respectfully reserve the right to assert additional defenses that become known during discovery.

## JURY DEMAND

The Rescue Missions Defendants hereby demand a trial by jury.

WHEREFORE, having fully answered Plaintiff Mark Janny's Fourth Amended Complaint, Defendants James Carmack and Tom Konstanty respectfully request that this Court dismiss the Fourth Amended Complaint, award Defendants Carmack and Konstanty any attorney fees or costs to which they may be entitled, and grant any other such relief this Court determines is just and proper.

Dated this 26th day of March, 2019.

                              Respectfully submitted,

                              s/ Dmitry B. Vilner
                              John P. Craver
                              Dmitry B. Vilner
                              White and Steele, P.C.
                              Dominion Towers, North Tower
                              600 17th Street, Suite 600N
                              Denver, Colorado 80202-5406
                              Telephone:  (303) 296-2828
                              jcraver@wsteele.com
                              dvilner@wsteele.com
                              Attorneys for Defendants Jim Carmack
                              and Tom Konstanty

# CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically filed the foregoing, **DEFENDANTS JIM CARMACK AND TOM KONSTANTY'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT AND JURY DEMAND**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses and/or placed in the U.S. mail, postage prepaid, and/or sent via email addressed to the following:

Mark Janny, #150344
Colorado State Penitentiary
P.O. Box 777
Canon City, CO 81215
*Pro Se Plaintiff*

Katherine M. Field, Esq.
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203
kate.field@coag.gov
*Attorneys for Defendants Gamez and Diaz de Leon*


s/ Dawn Ross
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:  303-296-2828
Facsimile:     303-296-3131