# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02840-RM-SKC

MARK JANNY,

    Plaintiff,

v.

JOHN GAMEZ,
JIM (I) CARMACK,
TOM (I) KONSTANTY,

    Defendants.

## DEFENDANT JOHN GAMEZ'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO JOHN GAMEZ

    Defendant, John Gamez, responds to Plainitff's First Set of Discovery Requests ("Discovery Requests") as follows:

## PRELIMINARY STATEMENT

    Defendant objects to the Discovery Requests to the extent any request seeks information protected from disclosure by the attorney-client privilege, work-product immunity doctrine and/or any other privilege or protection.

    These responses are based upon information currently available to Defendant. Defendant reserves the right to supplement or modify their responses should additional or different information become available.

    These Discovery Requests have been regrouped according to the type of discovery request made. They have otherwise been copied as written by Plaintiff. Typographical and/or grammatical errors have not been corrected. Unless specified otherwise all dates and times are limited to the time frame of the complaint.

# REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**

Defendant Gamez would not allow Mark Janny to find housing other than the Denver Rescue Mission in Fort Collins in Feb. 2015.

**RESPONSE**: Defendant Gamez denies that he "would not allow" Plaintiff to find other housing. Plaintiff was required pursuant to condition 2 of his Parole Order dated 11/24/14 to "establish a residence of record" and "remain at the residence of record each night." In February 2015, Plaintiff did not have a residence of record and failed to provide an address suitable for a residence of record. Accordingly, Defendant Gamez issued a parole directive that Plaintiff should establish a residence of record at Denver Rescue Mission in Fort Collins.

**REQUEST FOR ADMISSION NO. 2**

Mark Janny had a parole office visit on Feb. 3rd 2015 and two parole office visits on Feb. 4th 2015.

**RESPONSE**: Defendant Gamez is without knowledge or recollection as to whether there were two parole office visits on February 4, 2015. Defendant Gamez has made reasonable inquiry and records only indicate that Plaintiff had a parole office visit on February 3, 2015 and February 4, 2015.

**REQUEST FOR ADMISSION NO. 3**

The second parole office visit on Feb. 4th 2015 was initiated after Defendant Jim Carmack contacted John Gamez to complain about Mark Janny being an atheist, his attitude and refusal to abide by the programs rules.

**RESPONSE**: Defendant Gamez objects to this request for admission on vagueness grounds because Plaintiff does not explain what he means by "the program" or "the programs rules". Notwithstanding this objection, Defendant Gamez denies that Plaintiff ever told him that he was an atheist. Defendant Gamez has made reasonable inquiry and is without knowledge or recollection as to the truth of the remaining facts asserted in this request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 4**

During Mark Janny's initial parole office visit (after being released from the Washington County Jail after a parole complaint against Mark Janny was dismissed by the parole board) on Feb. 3rd 2015 Defendant Gamez told Mark Janny to go directly to the Denver Rescue Mission in Fort Collins and Report to Defendant Jim Carmack to establish residence.

**RESPONSE**: Plaintiff was required pursuant to condition 2 of his Parole Order dated 11/24/14 to "establish a residence of record" and "remain at the residence of record each night." After being released from the Washington County Jail in February 2015, Plaintiff did not have a residence of record and failed to provide an address suitable for a residence of record. Accordingly, Defendant Gamez issued a parole directive that Plaintiff should establish a residence at record at Denver Rescue Mission in Fort Collins. Defendant Gamez denies that he ordered Plaintiff to specifically report to Defendant Jim Carmack and denies this request for admission to the extent it is contrary to the response provided herein.

**REQUEST FOR ADMISSION NO. 5**

Defendant Gamez gave the directive listed in admission No. 4 between the hours of 12:30 and 2:00 PM and directed Mark Janny to be at the Denver Rescue Mission in Fort Collins by 3:00 PM.

**RESPONSE**: Defendant Gamez admits that a directive was issued on February 3, 2015. Defendant Gamez has made reasonable inquiry and is without knowledge or recollection as to the remaining assertions in this request for admissions and therefore denies the same.

**REQUEST FOR ADMISSION NO. 6**

There are two homeless shelters in Fort Collins, Catholic Charities and The Denver Rescue Mission in Fort Collins.

**RESPONSE**: Defendant Gamez objects to this request as irrelevant to the claims asserted by Plaintiff and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Notwithstanding this objection, Defendant Gamez admits that, upon reasonable investigation, there are two overnight homeless shelters in Fort Collins, Catholic Charities and The Denver Rescue Mission in Fort Collins.

**REQUEST FOR ADMISSION NO. 7**

Catholic Charities is a dry shelter meaning shelter users must take a Breathalyzer (BA) test for alcohol before admission and The Denver Rescue Mission in Fort Collins is a wet shelter meaning intoxicated people may use the shelter.

**RESPONSE**: Defendant Gamez objects to this request as irrelevant to the claims asserted by Plaintiff and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Notwithstanding this objection, Defendant Gamez has made reasonable inquiry and is without knowledge or recollection as to the remaining assertions in this request for admissions and therefore denies the same. "'Reasonable inquiry' is limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.). It does not require the responding party to interview or subpoena records from

**INTERROGATORY NO. 14**

How many parolees in the year 2015 did you give a parole directive to "locate housing at 316 Jefferson St. Fort Collins, Colorado…"?

**RESPONSE**: Defendant Gamez objects to this interrogatory on the grounds that it is irrelevant nor likely to lead to relevant evidence. Defendant Gamez further objects because the burden or expense of providing this information outweighs its likely benefits. Plaintiff is an unrepresented inmate and disclosure of this information related to other parolees to Plaintiff poses a security risk and is contrary to the public interest. *See Everitt v. Brezzel*, 750 F. Supp. 1063, 1067 (D. Colo. 1990).

**INTERROGATORY NO. 15**

Why did you choose to use the language "house rules" when creating the parole directive given to Mark Janny on 2/3/15? Did communication with Defendant Carmack play any role in the directive or choice of words?

**RESPONSE**: Parolees must abide by whatever house rules are required by their residence of record. This is a standard requirement whether a parolee's residence of record is a private residence or other. Defendant Carmack did not play any role in the directive or choice of words for the directive.

**INTERROGATORY NO. 16**

Why did you refuse to investigate Cassy Worembourg's home as a residence for Mark Janny on 2/3/15?

**RESPONSE**: Defendant Gamez does not recollect refusing to investigate a residence of a Cassy Wormbourg.

**INTERROGATORY NO. 17**

If admission No. 21 is anything other than an unqualified admission explain what elements Defendant Gamez claims are untrue, why they are not true and what the truth is.

**RESPONSE**: Please see response to request for admission 21.