# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02840-RM-SKC

MARK JANNY,

      Plaintiff,

v.

JOHN GAMEZ, Community Parole Officer, Colorado Department of Corrections, in his individual capacity;
LORRAINE DIAZ DE LEON, Parole Supervisor, Colorado Department of Corrections, in her individual capacity;
JIM CARMACK, Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity;
TOM KONSTANTY, Co-Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity

      Defendants.

---

## AFFIDAVIT OF JIM CARMACK

---

1.    I am over the age of eighteen (18) and have personal knowledge of the matters attested to herein.

2.    As the Director of The Program, Denver Rescue Mission in Fort Collins (hereinafter referred to as the "Rescue Mission") at all times relevant to this matter, I am aware of its policies and procedures with respect to admitting individuals to the facility.

3.    At all times relevant to this matter, the Rescue Mission had complete discretion over who it allowed to reside in its facility.

4.    At all times relevant to this matter, the Rescue Mission had complete discretion over who it allowed to participate in its programs, including the Steps to Success Program ("Program"), and the overnight homeless shelter.

5.    The goal of the Program was to encourage participants to get a job, save money and ultimately move into their own residence.

6.     The Rescue Mission was not compelled or forced by Defendant Gamez or any other Colorado Department of Corrections or other State agency employee to accept Mr. Janney as a resident.

7.     At all times relevant to this matter, the Rescue Mission would, on occasion, accept parolees as residents and/or program participants. However, the Rescue Mission and the State were not engaged in any contract, written or implied, which required the Rescue Mission to accept individuals as requested by the State, or be subject to any control by the State with respect to the individual parolees it did accept into its program.

8.     At all times relevant to this matter, the "House Rules" imposed by the Rescue Mission for residents and program participants were of the Rescue Mission's own design and enforcement.

9.     At all times relevant to this matter, individual residents of the Rescue Mission such as Plaintiff were free to leave the Rescue Mission at any time. Rescue Mission employees were not expected to and did not physically or otherwise detain residents.

10.    At all times relevant to this matter, Officer Gamez did not instruct me or any other Rescue Mission employee or volunteer to indoctrinate to any religious beliefs or otherwise supervise Plaintiff in a religious capacity.

11.    At no time prior to or during Plaintiff's brief residence at the Rescue Mission did I discuss the Rescue Mission's religious programming generally or as it related to Plaintiff.

12.    In my capacity as Director of The Program I was not required to consult with or obtain permission from the State in making the decision to expel individual residents from the Rescue Mission.


THE AFFIANT FURTHER SAYETH NAUGHT.


STATE OF COLORADO                    }
                                     }SS.
COUNTY OF Fremont                    }


I, Jim Carmack, hereby certify that the contents of the foregoing are true and correct to

the best of my current actual knowledge.


2

_____
Jim Carmack

SUBSCRIBED AND SWORN TO before me, this __21__ day of __October__, 2018.

Witness my hand and official seal.

Notary Public
My commission expires: __4-11-2023__

JESSICA BRAND
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194013853
MY COMMISSION EXPIRES APRIL 11, 2023

3