# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02840-RM-SKC

MARK JANNY,

      Plaintiff,

v.

JOHN GAMEZ, Community Parole Officer, Colorado Department of Corrections, in his individual capacity;
JIM CARMACK, Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity;
TOM KONSTANTY, Co-Director of The Program, Denver Rescue Mission in Fort Collins, in his individual capacity

      Defendants.
_____

**DEFENDANTS JIM CARMACK AND TOM KONSTANTY'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS DIRECTED TOWARD RESCUE MISSION DEFENDANTS**
_____

COMES NOW the Defendants, Jim Carmack and Tom Konstanty, by and through the undersigned, John P. Craver and Dmitry B. Vilner of White and Steele, P.C., and provide the following responses to Plaintiff's First Set of Discovery Requests Directed Toward Rescue Mission Defendants:

**PRELIMINARY STATEMENT**

These responses are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, confidentiality, and admissibility, as well as to any other objections that would require the exclusion of any statement herein or document produced hereunder if the particular request were asked of, or if any statement

**RESPONSE:** Objection.  Defendant Carmack objects to this request to the extent it is vague, overly broad, and unduly burdensome.  Without waiving these objections, Defendant Carmack responds as follows:

Mr. Carmack does not recall every specific rule of the New Life Program or Steps to Success.  This program was entirely voluntary.  However, participants who wanted to stay in the program had to follow certain "dorm-style" rules, including observing curfews and set meal times.  Participants could not consume drugs or alcohol while in the program, or smoke except in certain designated smoking areas.  Participants were expected to attend chapel and Bible study at certain times, although they were not required to pray or study the Bible.  Participants were also expected to assist the Rescue Mission with various chores, such as cleaning or helping out in the kitchen.  But, because the overriding purpose of the program was to help participants obtain jobs, any job-related activity (like actual employment, or job-hunting) superseded any expectation to attend certain events or assist in certain chores.

**Interrogatory No. 7**: Defendant Carmack:  State the schedule for the operations of the Denver Rescue Mission in Fort Collins during the time of the complaint.   For example, when did overnight shelter seekers have to vacate in the morning?  When were meals fed for shelter seeker and program participants? When was chapel held?  When were overnight shelter seekers allowed in at night?  Please do not be limited by these examples but explain the full schedule for each day of the week if there is any difference between the days.

**RESPONSE:** Objection.   Defendant Carmack objects to this interrogatory because it is irrelevant, vague, and unduly burdensome.   Without waiving these objections, Defendant Carmack responds as follows:

10

Overnight visitors would come in around dinnertime (approximately 7pm). Overnight visitors would be expected to vacate in the morning, after breakfast (approximately 7am).

Participants in the New Life Program and/or Steps to Success would also have breakfast at approximately 7am and dinner at approximately 7pm.  They would also be provided with lunch at approximately 12pm.  Chapel was before dinnertime.  Bible study would be in the evenings.  Again, because obtaining a job was the key goal of the program, any work-related necessity would trump any scheduled activity at the Rescue Mission.  But if an individual did not have a job, that individual would be expected to help clean, or assist in the kitchen, after breakfast and before dinner.  On Sundays, a participant in the program would be expected to attend a religious service of his or her choice.  However, all of these expectations were voluntary, and a participant could leave the program at any time.

**Admission No. 3 and No. 4**: Defendant Konstanty and Carmack were told by Mark Janny that he was an atheist.

**RESPONSE:**

Defendant Carmack: Deny.

Defendant Konstanty: Deny.

**Admission No. 5:** Defendant Carmack:  On or about 2/3/15 Defendant Gamez contacted you to enquire about supervising Mark Janny at the Denver Rescue Mission in Fort Collins.

**RESPONSE:** Objection.  Defendant Carmack objects to this request because it is vague, and does not define the term "supervising."  Without waiving these objections, Defendant Carmack responds as follows:

Deny.

11

**Admission No. 8**: Defendant Carmack admit you called defendant Gamez on 2/4/15 when Mark Janny informed you he was an atheist.

**RESPONSE:** Deny.

**Admission No. 9**: Defendant Carmack admit that at the time of the complaint that there was an ongoing arrangement between yourself and Defendant Gamez to put Parollees [sic] in the New Life Program.

**RESPONSE:** Objection.  This request is vague, in that it does not define the term "ongoing arrangement."  This request is also objectionable to the extent it assumes that any parolees are "put" into the New Life Program or Steps to Success as a result of any coercion or force by Defendants.  Without waiving these objections, Defendant Konstanty responds as follows:

Admit to the extent that Defendant Carmack and Defendant Gamez had an informal arrangement whereby the Rescue Mission expressed a willingness to house certain parolees (because all parolees need an address upon being released on parole), and deny the remainder.

**Interrogatory No. 9**: Defendant Carmack if admission No. 9 is anything other than an unqualified admission state which element you claim is untrue, why it is untrue and what the truth is.

**RESPONSE:** See above objection and response.

**Admission No. 10**: Defendant Carmack admit that on 2/4/15 you requested to Defendant Gamez that yourself, Defendant Gamez and Mark Janny have a meeting at the parole office.

**RESPONSE:** Deny.

**Admission No. 11**: Defendant Carmack admit that you attended a parole office visit with Mark Janny and Defendant Gamez on 2/4/15.

**Doc Request No. 6 and No. 7**: Please provide any documents or electronically stored information relevant to Interrogatory No. 18 and No. 19.

**RESPONSE:** Please see previous objections.  Without waiving these objections, Defendants response as follows:

Defendant Carmack: None.

Defendant Konstanty: None.

Respectfully submitted this 17th day of July, 2019.

s/ Dmitry B. Vilner
John P. Craver
Dmitry B. Vilner
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, Colorado 80202-5406
Telephone:  (303) 296-2828
jcraver@wsteele.com
dvilner@wsteele.com
Attorneys for Defendants Jim Carmack
and Tom Konstanty

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2019, I served the foregoing to the following e-mail addresses and/or placed in the U.S. mail, postage prepaid, and/or sent via email addressed to the following:

Mark Janny, #150344
Colorado State Penitentiary
P.O. Box 777
Cañon City, Colorado 81215
*Pro Se Plaintiff*

Katherine M. Field, Esq.
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203
kate.field@coag.gov
*Attorneys for Defendants Gamez and Diaz de Leon*

s/ Dawn Ross
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:  303-296-2828
Facsimile:       303-296-3131

## VERIFICATION

I, James Carmack, declare that my responses to the interrogatories set forth in **DEFENDANTS JIM CARMACK AND TOM KONSTANTY'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS DIRECTED TOWARD RESCUE MISSION DEFENDANTS** are true and correct to the best of my knowledge and belief.

Dated this _18th_ day of July, 2019.

_[signature]_
_____
James Carmack

STATE OF COLORADO          )
                                        ) ss.
COUNTY OF FREMONT     )

Subscribed and sworn to before me this _18th_ day of July, 2019.  Witness my hand and official seal.

My commission expires: _8/28/2021_ .

_[signature]_
_____
Notary Public
Address: _1336 Lone Tree Circle_
_Westcliffe, CO 81252_

SEAL

```
KELLIE L. ALDRICH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 2013405069
MY COMMISSION EXPIRES AUGUST 28, 2021
```

## VERIFICATION

I, Thomas Konstanty, declare that my responses to the interrogatories set forth in **DEFENDANTS JIM CARMACK AND TOM KONSTANTY'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS DIRECTED TOWARD RESCUE MISSION DEFENDANTS** are true and correct to the best of my knowledge and belief.

Dated this 19th day of July, 2019.

Thomas Konstanty

STATE OF COLORADO )
                   ) ss.
COUNTY OF Larimer )

Subscribed and sworn to before me this 19th day of July, 2019.  Witness my hand and official seal.

My commission expires: December 5th, 2022.

SEAL

AUDREY J WILCOX
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20184046518
MY COMMISSION EXPIRES DECEMBER 5, 2022

Notary Public
Address: 136 W. Mountain Ave
Ft. Collins, Co 80524