# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:16-cv-2840-RM-SKC

MARK JANNY,

    Plaintiff,

v.

JOHN GAMEZ,
JIM CARMACK, and
TOM KONSTANTY,

    Defendants.

---

# ORDER

---

This matter is before the Court on motions for summary judgment by Defendants Carmack and Konstanty (ECF No. 215) and Defendant Gamez (ECF No. 216). The motions have been fully briefed. (ECF Nos. 224, 228, 230, 233.) For the reasons below, both motions are granted.

## I.     LEGAL STANDARDS

Plaintiff proceeds pro se; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136

(10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

Qualified immunity shields individual defendants named in § 1983 actions unless their conduct was unreasonable in light of clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted).

## II.  BACKGROUND

After his arrest for a parole violation, Plaintiff's parole officer, Defendant Gamez, directed him to stay at the Denver Rescue Mission, a homeless shelter where Defendants

2

Carmack and Konstanty ran a Christianity-based program intended to help people "become productive, self-sufficient citizens." (ECF No. 215 at 4.) "Participants in the program are expected to attend chapel and bible study, observe dorm style rules, including observing curfews, set meal times, and are not allowed to consume drugs or alcohol while in the program." (*Id.*) Plaintiff objected to having to participate in the program because he is an atheist. After Defendant Carmack called Defendant Gamez to express his concerns that Plaintiff might not be a good fit for the program, Defendant Gamez assured him that Plaintiff would abide by the Rescue Mission rules. The next day, Defendant Carmack and Plaintiff met with Defendant Gamez in his office, where Defendant Gamez reaffirmed that Plaintiff was required to abide by the Rescue Mission rules. In addition, Plaintiff alleges that at Defendant Carmack's request, Defendant Gamez changed Plaintiff's curfew, which forced him to attend additional religious programming. Days later, Plaintiff refused to attend chapel, prompting Defendant Carmack to kick him out of the program. When Plaintiff reported to the parole office, his parole was revoked, and he was sent to prison.

Plaintiff brought this action under 42 U.S.C. § 1983, asserting four claims for relief. (ECF No. 66.) The Court has dismissed two of the claims (ECF No. 151), leaving only Plaintiff's claims asserting that his placement at the Rescue Mission violated his First Amendment rights under the Establishment and Free Exercise Clauses. Defendants Carmack and Konstanty have moved for summary judgment on the basis that their conduct did not constitute state action. Defendant Gamez has moved for summary judgment on the grounds that his conduct did not violate Plaintiff's First Amendment rights and that he is entitled to qualified immunity.

## III. ANALYSIS

### A. Defendants Carmack and Konstanty

"[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotation omitted). In this circuit, numerous tests have been used to determine whether a private entity is acting under color of state law and is thus subject to § 1983 liability, including the nexus test, the symbiotic relationship test, the joint action test, and the public functions test. *Anaya v. Crossroads Managed Care Sys, Inc.*, 195 F.3d 584, 595-96 (10th Cir. 1999). Defendants Carmack and Konstanty argue that they are not state actors under any of these tests. In response, Plaintiff argues primarily that they are state actors under the joint action test.[1]

In applying the joint action test, courts focus on "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher*, 49 F.3d at 1453. State action may be present where "public and private actors share a common, unconstitutional goal" or "there is a substantial degree of cooperative action between state and private officials." *Id.* at 1454 (quotation omitted). However, "the mere acquiescence of a state official in the actions of a private party is not sufficient." *Id.* at 1453.

Here, there is no evidence that Defendants Carmack and Konstanty represented the state in any capacity. It is undisputed that "[t]he Rescue Mission had complete discretion over who it allowed to reside in its facility and who it allowed to participate in its programs" (ECF Nos. 215

---

[1] To the limited extent Plaintiff argues that Defendant Carmack and Konstanty qualify as state actors under the public functions test, the Court is not persuaded. Plaintiff has identified no evidence showing there is a genuine issue that providing housing facilities to parolees is exclusively a public function. Nor has Plaintiff raised any factual disputes that raise a genuine issue as to whether these Defendants are state actors under the nexus and symbiotic relationship tests.

4

at 3; 224 at 4). It did not have a contractual relationship with the state. (ECF No. 215 at 3.) Nor has Plaintiff cited any evidence in the record showing that these Defendants acted in concert with the state to deprive Plaintiff of his rights or that they shared with the state a specific goal of doing so. Indeed, there is no evidence that the state played any role in the Rescue Mission's operations. (*Id.*) At most, Plaintiff has adduced evidence that the state acquiesced in the actions of Defendants Carmack and Konstanty; this is insufficient to establish a genuine issue of material fact as to whether they were state actors. Accordingly, Defendants Carmack and Konstanty are entitled to summary judgment on the claims against them.

**B. Defendant Gamez**

Defendant Gamez contends that Plaintiff has adduced no evidence showing he violated Plaintiff's First Amendment rights and that he is entitled to qualified immunity. The Court agrees that Plaintiff is entitled to qualified immunity because Plaintiff has failed to adduce evidence of an Establishment Clause violation and, with respect to his Free Exercise claim, Plaintiff has not adduced evidence of conduct by Defendant Gamez that violated his clearly established rights.

    1.    <u>Establishment Clause Claim</u>

Government action violates the Establishment Clause if it fails to satisfy the criteria set forth in *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 796 (10th Cir. 2009). Thus, "to avoid an Establishment Clause violation, the government action (1) must have a secular legislative purpose, (2) must have a principal or primary effect that neither advances nor inhibits religion, and (3) must not foster an excessive government entanglement with religion." *Green v. Haskell Cty. Bd. of Comm'rs*,

568 F.3d 784, 796 (10th Cir. 2009). Plaintiff's fails to present evidence raising a genuine issue that Defendant Gamez's conduct does not satisfy each of these tests.

First, Plaintiff has not shown that his placement at the Rescue Mission did not have a secular purpose. Plaintiff does not dispute that he was required to establish a residence of record as a condition of his parole. And he presents no evidence that he had an appropriate alternative to the Rescue Mission that was conducive to his complying with the terms of his parole. Defendant Gamez testified that he believed the two residences Plaintiff proposed were unacceptable for that reason, and Plaintiff cites no evidence to the contrary. Plaintiff does not dispute that he had previously failed to comply with the terms of his parole. His contention that Defendant Gamez "refused to investigate" other addresses (ECF No. 230) is insufficient to raise a genuine issue as to whether this placement at the Rescue Mission had a secular purpose. *See Am. Atheists, Inc. v. Davenport*, 637 F.3d 1095, 1118 (10t Cir. 2010) ("We will not lightly attribute unconstitutional motives to the government, particularly where we can discern a plausible secular purpose." (quotation omitted)).

Second, Plaintiff has not shown that the principal or primary effect of his placement at the Rescue Mission was either to advance Christianity or any other religion or to inhibit atheism. On the current record, the principal effect of his placement was that it gave him a residence of record that would allow him to comply with the terms of his parole. "[N]ot every governmental activity that confers a remote, incidental or indirect benefit upon religion is constitutionally invalid." *Green*, 568 F.3d at 799 (quotation omitted). Although Defendant Gamez told Plaintiff he was required to follow the house rules at the Rescue Mission, there is no objective evidence that Plaintiff was required to participate in religious programming in order to stay there.

6

Defendant Carmack testified that participation in the program was "entirely voluntary" and that although "[p]articipants were expected to attend chapel and Bible study at certain times, . . . they were not required to pray or study the Bible." (ECF No. 216-5 at 10.) Plaintiff cites no authority for the proposition that merely being compelled to attend religious programming violated his rights, and his conclusory allegations that he was forced to participate in such programming and refrain from discussing his atheist beliefs are insufficient to raise a genuine issue of material fact as to whether the principal effect of his placement at the Rescue Mission ran afoul of the Establishment Clause.

Third, Plaintiff has not shown that his placement fostered an excessive government entanglement with religion. Although the parties dispute whether Plaintiff informed Defendant Gamez that he was an atheist, Plaintiff has adduced no evidence that Defendant Gamez made any statements or took any action with the express purpose of endorsing Christianity or any other religion or of promoting religion over nonreligion. Nor is there any evidence that Defendant Gamez or the state had a contractual relationship with the Rescue Mission or any involvement in its operations. The Court finds Plaintiff's contention that Defendant Gamez changed Plaintiff's curfew at Defendant Carmack's request is insufficient to raise a genuine issue with respect to the level of government entanglement that would violate the Free Exercise Clause.

2. <u>Free Exercise Clause Claim</u>

Because Defendant Gamez raises a claim of qualified immunity, Plaintiff bears the burden of establishing not only that a violation of his occurred, but that that the rights were clearly established. "[F]or a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts

must have found the law to be as the plaintiff maintains." *Cortez v. McCauley*, 478 F.3d 1108, 1114-15 (10th Cir. 2007) (quotation omitted). Plaintiff cites no authority, nor is the Court aware of any, for the proposition that a parole officer violates a parolee's rights by requiring him to reside at a facility that provides religious programming. In the absence of such authority, Defendant Gamez is entitled to qualified immunity as to Plaintiff's claim under the Free Exercise Clause.

## IV. CONCLUSION

Accordingly, the Court GRANTS the motions for summary judgment (ECF Nos. 215, 216) and directs the Clerk to CLOSE this case.

DATED this 21st day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge