IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 16-cv-2840-RM-SKC

MARK JANNY,

    Plaintiff,

v.

JOHN GAMEZ,

    Defendant.

---

# ORDER

---

Before the Court is Defendant's Motion for Partial Summary Judgment (ECF No. 299), seeking a ruling that Plaintiff's claims for compensatory damages are barred in this case. The Motion has been fully briefed (ECF Nos. 312, 319) and is granted in part and denied in part for the reasons below.

## I.   LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "if the nonmovant bears the burden of

persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.

## II.   BACKGROUND

For present purposes, most of the material facts are not in dispute.  In early 2015, Plaintiff was on parole, and Defendant was his parole officer. (ECF No. 320, ¶¶ 1, 2.)  One requirement of Plaintiff's parole was that he establish a residence of record and remain at that residence each night.  (*Id.* at ¶ 4.)  Pursuant to this requirement, Defendant directed Plaintiff to stay at the Rescue Mission in Fort Collins, Colorado, and to abide by its "house rules."  (*Id.* at ¶ 6.)  Defendant further directed Plaintiff that if he violated those rules, he would go to jail.  (*Id.*)

Upon arriving at the Rescue Mission, Plaintiff learned he had been enrolled in a Christian transitional program involving mandatory prayer, bible study, and church attendance.  *Janny v. Gamez*, 8 F.4th 883, 893 (10th Cir. 2021).  Citing his atheist beliefs, Plaintiff objected to having to choose between participating in the program or returning to jail.  *Id.*  Plaintiff stayed at the Rescue Mission for less than a week.  (ECF No. 20, ¶ 10.)  According to Plaintiff, the director of the Rescue Mission "expelled" him for skipping worship services.  (*Id.*)  According to

Defendant, Plaintiff "absconded" from the Rescue Mission, thereby violating the parole requirement that he maintain a residence of record. (*Id.*) Defendant had Plaintiff arrested on February 9, 2015, and he was booked into the Washington County Jail two days later. (*Id.* at ¶ 11.)

In jail, Plaintiff was attacked by another inmate. (*Id.* at ¶ 12.) Plaintiff asserts that he sustained physical injuries from the attack. (*Id.* at ¶ 15.) His parole revocation hearing was held on March 2, 2015, when the Parole Board determined that Plaintiff was in violation of his parole for failing to maintain a residence of record, revoked his parole, and remanded him back into custody for a period of 150 days. *See Janny*, 8 F.4th at 897.

In November 2016, while in the Larimer County Jail awaiting trial on charges unrelated to this case, Plaintiff commenced this lawsuit by filing a pro se prisoner civil rights complaint, asserting claims against four Defendants. *Janny*, 8 F.4th at 897. Plaintiff now has counsel, and his claims against the three former Defendants have been either dismissed or settled. Although this Court previously found Defendant Gamez was entitled to qualified immunity, Plaintiff successfully appealed that ruling. As pertinent here, in August 2021, the United States Court of Appeals for the Tenth Circuit ruled that Plaintiff has adduced sufficient evidence to create genuine issues of material fact as to whether Defendant Gamez violated his rights under the Establishment and Free Exercise Clauses of the First Amendment. The Tenth Circuit further ruled that Defendant Gamez is not entitled to qualified immunity.

After the Tenth Circuit remanded the case, former Defendants Carmack and Konstanty were dismissed from the case, and Defendant Gamez, the only remaining Defendant, filed the current Motion. The case has been set for a jury trial to be held in July 2024.

3

### III. ANALYSIS

The only issue at present is the scope of the damages Plaintiff may potentially obtain. In his Motion, Defendant argues that Plaintiff's claims for compensatory damages are barred by the Prison Litigation Reform Act ("PLRA") because any injuries Plaintiff sustained in the jail attack were de minimis, or, alternatively, that Defendant cannot be held liable for those injuries, either because he was not personally involved and did not cause them.

In his Response, Plaintiff asserts that his claims give rise to seven categories of damages: (1) violation of his First Amendment religious-freedom rights stemming from his assignment to the Rescue Mission and the time he spent there; (2) loss of liberty for two periods of incarceration—from his arrest through the date of his parole revocation hearing and for the 150 days following the hearing; (3) economic damages in the form of lost wages; (4) punitive damages; (5) nominal damages; (6) physical injury and consequent pain and suffering caused by the jail attack; and (7) mental and emotional injury suffered throughout the entire episode—from his assignment to the Rescue Mission through the 150 days he was incarcerated following his parole revocation. (ECF No. 312 at 9-10.)

As a threshold matter, the Court must address the applicability of the PLRA's physical-injury provision, which provides, in pertinent part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1997e(e). Plaintiff contends that because he was incarcerated in the Larimer County Jail when he brought this action and his claims to not relate to his confinement there, the physical-injury requirement does not apply. However, the PLRA defines a prisoner as "any person incarcerated or detained in any facility

4

who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).  The use of the word "any" to describe both the incarcerated person and the facility in which the person is detained makes it clear that Plaintiff was "a prisoner confined in a jail, prison, or other correctional facility" within the meaning of § 1997e(e) when he filed his complaint.

Further, the Court finds Plaintiff was "in custody" for purposes of the physical-injury requirement.  While noting that no court in this circuit has addressed this precise issue, Plaintiff argues that the plain language of the phrase "while in custody" in § 1997e(e) refers to injuries to a prisoner "while in custody in the facility from which he filed the complaint, not earlier injuries, wherever they may have occurred."  (ECF No. 312 at 11.)  But the provision at issue, which is entitled "[l]imitation on recovery," does not contain any language supporting the narrow interpretation Plaintiff proposes.  Nor is it the Court's role to limit a limitation in the absence of some indication of congressional intent to do so.

Plaintiff's citation to *Hill v. Murphy*, No. 11-cv-172-JPG-SCW, 2017 WL 1026319, at *9 (S.D. Ill. Feb. 6, 2017) (unpublished), is unavailing.  There, the court concluded that the plaintiff could seek emotional damages for an illegal search that occurred before his incarceration, but it never discussed whether he was "in custody" during the search.  *Id.*  Moreover, nothing in the decision suggests the plaintiff was on parole at the time.  *Id.*  Plaintiff's citation to dissenting opinions in *Napier v. Preslicka*, 314 F.3d 528, 536 (11th Cir. 2002), *rehearing denied*, 331 F.3d 1189, 1193, is also unavailing.  There, the majority examined the meaning of the phrase "in custody" and observed that the statute's "plain language does not provide a temporal restriction

5

on the custodial episode to which it relates." *Id.* at 533. The majority went on to conclude that "the PLRA covers all federal civil lawsuits filed by prisoners concerning emotional or mental injury suffered while in past *or* present custody, even if the subject of the filed lawsuits is unrelated to the current imprisonment." *Id.* at 534. Consequently, the majority held that the physical-injury requirement applied to claims that arose out of the imprisoned plaintiff's arrest and that were unrelated to his current incarceration. *Id.* at 530. Nothing about the circumstances of that case suggests that § 1997e(e) does not apply to Plaintiff's circumstances here.

Accordingly, the Court finds that the PLRA's physical-injury requirement applies to Plaintiff's claims for mental or emotional injury throughout the relevant timeframe of this case—from when he was sent to the Rescue Mission to the end of the 150-day period of incarceration following his parole revocation. With respect to that requirement, the only physical injuries Plaintiff is asserting are those he sustained in the jail attack. (ECF No. 312 at 18 n.14.) Defendant contends that Plaintiff is not entitled to compensatory damages because he cannot show (1) that he received more than a de minimis injury from the attack, or (2) that Defendant personally participated in, or was the proximate cause of, the attack. The Court agrees that Defendant cannot be held personally responsible for the jail attack and therefore does not need to address the degree of Plaintiff's alleged physical injuries.

"Individual liability under § 1983 must be based on the defendant's personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (quotation omitted). But Plaintiff comes nowhere close to establishing Defendant's personal involvement in the jail attack by another inmate. It is undisputed that Defendant was never employed by the Washington County Jail, was not present

6

when the attack occurred, and never had any authority over any aspect of the Jail. (ECF No. 320, ¶¶ 18, 19, 20.) In the absence of any allegations showing Defendant's personal involvement in the attack, the Court discerns no basis for holding Defendant liable for Plaintiff's alleged physical injuries. The fact that jails can be dangerous places does not mean a parole officer who requests a parolee's arrest can thereafter be held liable for whatever happens to the parolee in jail. Plaintiff cites no authority to the contrary, and the Court is aware of none. The Court rejects the proposition that parole officers can be held liable for whatever befalls a former parolee in jail after his parole is revoked.

Moreover, a § 1983 plaintiff "must establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Id.* (quotation omitted). Here, Defendant's conduct of requesting Plaintiff's arrest is far too attenuated from the jail attack to establish causation. There simply are no allegations supporting the theory that Defendant set in motion a series of events that led to Plaintiff being attacked by another inmate while in jail. Therefore, because Plaintiff does not allege any physical injury aside from the jail attack, § 1997e(e) bars Plaintiff from recovering compensatory damages for mental and emotional injury. *See Searles v. Van Bebber*, 251 F.3d 869, 875-77 (10th Cir. 2001). Having made these preliminary findings, the Court now addresses how they apply to the categories of damages to which Plaintiff claims he is entitled.

   A.   **Constitutional Injuries**

Although Plaintiff is barred from seeking mental or emotional damages in this case, it does not follow that his claims nominal or punitive damages are barred. Indeed, in *Searles*,

7

251 F.3d at 879, the court concluded not only that §1997e(e) does not bar recovery of nominal damages for violations of prisoners' rights but also that "the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation." *See also id.* at 878 ("Nominal damages, for instance, are available for the violation of certain 'absolute' constitutional rights, such as due process, without any showing of actual injury."); *Thomspon v. Carter*, 284 F.3d 411, 416 (2nd Cir. 2002) (holding that § 1997e(e) "does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief"); *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999) ("A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained.").

Thus, although § 1997e(e) bars Plaintiff from seeking compensatory damages for his mental or emotional injuries, it does not preclude him from seeking other relief for his constitutional injuries, including nominal and punitive damages.

### B.     Loss of Liberty

Plaintiff asserts that he is entitled to damages due to his incarceration both before and after his parole revocation hearing. However, given that the Parole Board, not Defendant, made the decision to revoke Plaintiff's parole, the Court discerns no basis for holding Defendant liable for Plaintiff's post-hearing incarceration. On the current record, however, Plaintiff's pre-hearing incarceration stands on a different footing. Viewing the evidence in the light most favorable to Plaintiff, it appears as though Defendant was entirely, or at least primarily, responsible for Plaintiff's pre-hearing incarceration. Therefore, at this stage, the Court declines to bar Plaintiff from seeking damages associated with his pre-hearing incarceration.

### C. Economic Damages

Plaintiff seeks economic damages in the form of lost wages for the entire time he was incarcerated, claiming that but for his incarceration he would have earned compensation from his previous employer during that time. The Court has already determined that Defendant cannot be held liable for Plaintiff's post-hearing incarceration. However, with respect to Plaintiff's pre-hearing incarceration, the Court discerns no basis for barring his claim for economic damages. And in his Reply, Defendant appears to concede that such damages may be available. (*See* ECF No. 319 at 5 (conceding that the PLRA's physical-injury requirement would not bar Plaintiff's claims for lost wages, nominal damages, or punitive damages).) Accordingly, Plaintiff may pursue his claim for damages for lost wages stemming from his incarceration up until his parole was revoked.

### D. Punitive Damages

As discussed above, § 1997e(e) bars certain compensatory damages in the absence of physical injury, but it does not bar punitive damages. *See Hoever v. Marks*, 993 F.3d 1353, 1358 (11th Cir. 2021). "[A]s a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury." *Searles*, 251 F.3d at 880. In *Searles*, the court concluded that a punitive damages award could be appropriate where the plaintiff presented evidence that the defendants were in reckless disregard of his rights by denying him approval for a kosher diet. *Id.* After all, punitive damages are aimed at deterrence and retribution rather than compensating plaintiffs for injuries suffered. *See Hoever* at 1358-59. As a result, to the extent Plaintiff's damages claims stem solely from the violation of his First Amendment rights, and not from any emotional or mental distress suffered, such claims are not

9

barred by § 1997e(e).  *See also King v. Zamiara*, 788 F.3d 207, 216017 (6th Cir. 2015); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3rd Cir. 2000).

### E.  Nominal Damages

As discussed above, § 1997e(e) does not bar recovery of nominal damages for violations of prisoners' rights.  *Searles*, 251 F.3d at 879; *Rowe*, 196 F.3d at 781-82.  Plaintiff can therefore proceed on his claims for nominal damages.

### F.  Physical Injury, Pain, and Suffering

As discussed above, Defendant cannot be held liable for injuries Plaintiff sustained at the Washington County Jail.  Accordingly, Plaintiff's claims for physical injury, pain, and suffering cannot proceed.

### G.  Mental and Emotional Injury

For the reasons above, Plaintiff's claims for purely mental and emotional injuries are barred by the PLRA.

## IV.  CONCLUSION

Defendant's Motion is GRANTED IN PART and DENIED IN PART, as set forth in this Order.

DATED this 14th day of November, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge